# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 9, 2008

135427

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

BOBBIE J. BRASHERS,
        Plaintiff-Appellant,

v

DEBORAH J. VANDERROEST,
        Defendant-Appellee.

_____/

SC: 135427
COA: 279999
Kalamazoo CC: 06-000638-NI

On order of the Court, the application for leave to appeal the November 28, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would grant leave to appeal.

WEAVER, J., dissents from the denial order, would grant leave to appeal, and states as follows:

I dissent from the majority of four's (Chief Justice Taylor, and Justices Corrigan, Young, and Markman's) denial of plaintiff's application for leave to appeal requesting that this Court reconsider its decision in *Kreiner v Fischer*, 471 Mich 109 (2004), because this Court needs to reexamine the misinterpretation of MCL 500.3135 contained in the majority of four's opinion in *Kreiner*. I would grant leave to appeal to reconsider and correct the majority's misinterpretation of MCL 500.3135 in *Kreiner*.

By importing the concept of permanency of injury into MCL 500.3135—a concept that is nowhere referenced in the text of the statute—the majority of four, in *Kreiner*, actively and judicially legislated a permanency and temporal requirement to recover noneconomic damages in automobile accident cases.[1] The *Kreiner* interpretation of MCL 500.3135 is an unrestrained misuse and abuse of the power of interpretation,

---

[1] For further analysis of the problems created by the majority of four's *Kreiner* opinion, see my dissent in *Jones v Olson* (Docket No. 132385), ___ Mich ___, ___ (2008).

masquerading as an exercise in following the Legislature's intent, which needs to be corrected to comport with the actual text of MCL 500.3135.

I would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 9, 2008

Corbin R. Davis

Clerk

d0506